IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD THORN,                Petitioner, | No. C 10-2225 CRB (PR) |
| vs. | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| A. HEDGPETH, Warden,                Respondent. | |

    Petitioner was convicted by a jury in San Mateo County Superior Court of first-degree residential burglary. The court found that petitioner had suffered several prior convictions and prison terms and, on April 18, 2008, sentenced him to seven years in state prison. Petitioner unsuccessfully appealed to the California Court of Appeal and the Supreme Court of California.

    Petitioner then filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed on September 7, 2010, the court found that the petition, liberally construed, stated two cognizable claims under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and petitioner has filed two letters the court will treat as a traverse.

## FACTUAL BACKGROUND

The California Court of Appeal summarized the facts of the case as follows:

> The facts are adduced from the witness testimony and photographic evidence submitted at trial. In October 2007, Jose Hernandez and his wife lived at the apartment building at 50 Hillcrest Drive in Daly City where the burglary took place. On the evening in question, Hernandez parked his vehicle in his parking stall underneath the apartments on the ground floor of the building. On the way to his apartment on the level above the carport area, Hernandez met the "lady in Apartment 4." The lady pointed out an African-American man and told Hernandez she'd seen the man looking into the cars parked in the carports below. Hernandez saw the man walking around a red car parked in one of the carports. After Hernandez saw the man get into the red car, he went to his apartment and dialed 911. As he was talking to the 911 operator, Hernandez went back to observe the man's activities in the carport. Hernandez watched as the man got in and out of the driver's side, front passenger side, and back seat of the red car. One time the man got out of the car with a screwdriver in his hand. Hernandez stayed on the phone with the 911 operator until the police arrived. Hernandez watched as the man got out of the red car for the last time and saw the police contact him as he tried to walk away.
>
> Luis Arias also lived at the apartment building in October 2007. At that time, Arias was driving a red Volkswagen Jetta belonging to his cousin. Arias parked the vehicle at the apartment building in his designated parking stall between 5:00 and 6:00 p.m. on the evening in question. Arias recalled he locked the car when he parked it. The police contacted Arias about his car around 11:00 p.m. When Arias went to view the car the police asked him if anything was missing. Arias noticed the stereo was missing from the dashboard. The stereo had been placed in his daughter's backpack, which was lying on the driver's seat. An amplifier had been removed from underneath the passenger seat and placed inside his daughter's backpack. Beside his daughter's backpack was a "plastic bag with beers in it" that did not belong to Arias. When Arias parked the car earlier that evening, his daughter's backpack had been in the back seat.
>
> A police officer apprehended Thorn on the public sidewalk adjacent to the apartment building between the building's courtyard and the street. When stopped by the officer, Thorn removed an object from his waist band and dropped it. A screwdriver was later recovered underneath an adjacent parked car. In the subject vehicle, police found a stereo, an amplifier inside a backpack, and two white plastic Safeway bags containing beers and items of clothing. An officer who was dispatched to the apartment building regarding the reported burglary in progress arrived to find suspect (Thorn)

|   |   |
|---|---|
| 1 | already in custody. The officer realized he had seen Thorn about 20-30 minutes before he received the dispatch. The officer recalled that Thorn crossed the street in front of his patrol car two blocks from the apartment building while carrying two white plastic bags. |
| 2 | |
| 3 | |
| 4 | 50 Hillcrest Drive, where the burglary occurred, is a V-shaped building. Five carports comprise the ground floor of the four-story residential apartment complex (the upper three floors are residential units). Each carport contains up to three parking stalls. The carports (not the individual parking stalls) are enclosed by solid brick walls on the three sides with the front completely open to the paved courtyard in front of the building. To park, a tenant turns his or her vehicle from the street into the courtyard and drives directly into a parking stall. There are three stairwells leading from the courtyard to the apartments above. There is a walkway on each floor that provides access for entry into the respective apartment units. The parking spaces in the carports are numbered but the numbers do not correlate to the numbers of the apartment units. Parking spaces are limited and assigned by building management according to availability. Each carport has a sign above saying "Tenant Parking Only." |

People v. Thorn, 176 Cal. App. 4th 255, 259-261 (2009).

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. § 2254(d).

/

3

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.   Claims

Petitioner seeks federal habeas relief under § 2254 on two grounds: (1) the carport area where he committed the offense does not fall within the ambit of the

4

California burglary statutes, and (2) the trial court erred in the manner in which it instructed the jury on the first-degree burglary charge.

### 1. Carports and California's Burglary Statutes

California Penal Code section 459 provides that "[e]very person who enters any house, room, apartment, tenement . . . with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not." Cal. Penal Code § 459. Every burglary of "an inhabited dwelling house" is "burglary of the first degree." Id. § 460(a). "All other kinds of burglary are of the second degree." Id. § 460(b). A conviction for first-degree burglary therefore requires "entry" of an "inhabited dwelling house" with the intent to commit a felony." Id. § 459, 460(a).

Petitioner argued in state court that the carport was not part of an inhabited building under the burglary statutes. The California Court of Appeal disagreed and, in a published opinion, held that the carports were "contiguous to and functionally interconnected with the inhabited apartment building" and that "a reasonable person would view the carport as an 'enclosed [] area into which a member of the general public could not pass without authorization.'" People v. Thorn, 176 Cal. App. 4th 255, 263, 266 (2009) (quoting People v. Valencia, 28 Cal. 4th 1, 12 (2002)). The court therefore concluded that petitioner's "entry of the carport with felonious intent constitute[d] first degree burglary." Id. at 266.

Petitioner seeks federal habeas relief on the ground that the state courts erred in concluding that ground-floor carports came within the ambit of the California burglary statutes. But unfortunately for petitioner, a federal court sitting in habeas may not grant relief for an alleged error in the interpretation or application of state law, see Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011);

Estelle v. McGuire, 502 U.S. 62, 67 (1991), and is bound by a state court's interpretation of state law, see Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal habeas court). "[A] federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 131 S. Ct. 13, 15 (2010) (quoting 28 U.S.C. § 2254(a)).

Petitioner is not entitled to federal habeas relief on his claim that the carport area where he committed the offense does not fall within the ambit of the California burglary statutes. It simply cannot be said that the state court's rejection of the claim was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).[1]

2. Instructional Error

Petitioner claims the trial court's instruction to the jury that a carport attached to an inhabited dwelling house is part of the inhabited dwelling house violated his constitutional right to have the jury determine all the elements of the first-degree burglary charge. The claim is without merit.

"In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." Middleton v. Mcneil, 541 U.S. 433, 437 (2004) (citation omitted).

---

[1] To whatever extent petitioner also claims there was insufficient evidence presented at trial to support his first-degree burglary conviction, the claim is without merit. After a careful review of the evidence in the light most favorable to the prosecution, the court is satisfied that a rational trier of fact could have found the essential elements of first-degree burglary under California law beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

But "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Id. "The question is whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process." Id. (citation and internal quotation marks omitted). The instruction "may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Id. (citation and internal quotation marks omitted).

Here, the trial court instructed the jury using modified versions of CALCRIM 1700 and CALCRIM 1701, as follows:

> The defendant is charged in Count 3 with first degree burglary, burglary of an inhabited dwelling house in violation of Penal Code section 460(a). [¶] To prove that the defendant is guilty of this crime the People must prove that: [¶] One, the defendant entered an inhabited dwelling house; and [¶] Two, when he entered the inhabited dwelling house, he intended to commit theft or auto burglary. [¶] To decide whether the defendant intended to commit theft or auto burglary, please refer to the separate instructions given to you on those crimes.
>
> A burglary was committed if the defendant entered with the intent to commit theft or auto burglary. The defendant does not need to have actually committed theft or auto burglary as long as he entered with the intent to do so. The People do not have to prove that the defendant actually committed theft or auto burglary.
>
> Under the law of burglary, a person enters a building if some part of his or her body penetrates the area inside the building's outer boundary.
>
> A carport that is attached to an inhabited dwelling house is part of the inhabited dwelling house.
>
> . . . .
>
> Burglary is divided into two degrees. If you conclude that the defendant committed a burglary, you must then decide the degree. [¶] First degree burglary is the burglary of an inhabited dwelling house. [¶] A carport that is attached to an inhabited dwelling house is part of the inhabited dwelling house. [¶] A house is inhabited if someone uses it as a dwelling, whether or not someone is inside at the time of the alleged entry. [¶] All other burglaries are second degree.
>
> The People have the burden of proving beyond a reasonable doubt that the burglary was first degree burglary. If the People

>have not met this burden, you must find the defendant not guilty of first degree burglary.

Clerk's Tr. at 338-39; Rep.'s Tr. at 337-39.

Petitioner objects to the following language in the above instructions: "A carport that is attached to an inhabited dwelling is a part of the inhabited dwelling house." He claims that by instructing the jury as such, the court impermissibly took away from the jury the entry and inhabited dwelling elements of first-degree burglary, and thereby deprived him of his constitutional right to have a jury decide each element of the charged crime.

The California Court of Appeal rejected petitioner's instructional error claim. It explained:

>In [People v. Fox], the trial court instructed the jury in pertinent part that "'[where a garage is attached to an inhabited dwelling house and is, therefore, not a separate structure, it is considered to be a *part of* the inhabited structure.' (Italics added.)" [58 Cal. App. 4th 1041, 1047 (1997).] On appeal, Fox argued that the trial court's instruction "improperly usurped the jury's function and directed a verdict as to the 'inhabited dwelling' element of first degree burglary." (Ibid.) The appellate court rejected this contention. "Under these instructions," the court reasoned, "the jury was still required to find that the 'structure' entered by Fox was 'inhabited.' In addition, the jury was required to determine whether the garage was 'attached,' and thus an integral part of the structure. Only after making these factual determinations could the jury find Fox guilty of first degree burglary. Had the jury determined the structure was not inhabited or the garage was not attached, it would have been obligated to find Fox committed second degree burglary. Accordingly, the trial court's instruction did not preclude the jury from deciding a material issue of fact." (Ibid.)
>
>Similarly, the jury here was required to determine whether Thorn entered an inhabited dwelling house with the intent to commit theft before it could return a guilty verdict on first degree burglary. As in Fox, . . . the jury could not return such a verdict unless it found that the apartment structure entered by [petitioner] was inhabited and that the carport was attached to the inhabited structure. Here, as in Fox, had the jury determined the apartment structure was not inhabited or the [carport] was not attached to it, it would have been obligated to return a not-guilty verdict on the first degree burglary charge. Therefore, the trial court's instruction did not direct a guilty verdict on two essential elements of first-degree burglary as asserted by [petitioner].

8

People v. Thorn, 176 Cal. App. 4th 255, 268 (2009).

The California Court of Appeal's rejection of petitioner's instructional error claim was not contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The given modified versions of CALCRIM 1700 and 1701 properly instructed the jury that first-degree burglary requires the "entry" of an "inhabited dwelling house" and simply added that state law considers an attached carport part of an inhabited dwelling house. Consistent with state law, the state court of appeal determined that the instruction on attached carports did not remove the entry or inhabited dwelling elements of first-degree burglary from the jury's consideration. Petitioner has not shown that there was "no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

The Ninth Circuit's decision in Stanton v. Benzler, 146 F.3d 726 (9th Cir. 1998), supports this conclusion. In Stanton, the state trial court instructed the jury, in connection with a charge of first-degree murder by poisoning, that arsenic was a poison as a matter of law. The Ninth Circuit rejected the petitioner's challenge to the instruction because "[t]his state law determination – that arsenic trioxide is a poison as a matter of law and is not an element of the offense to be decided by the jury – is not open to challenge on habeas review." Stanton,146 F.3d at 728. Here, the state courts similarly found that, as a matter of state law, a carport attached to an inhabited dwelling is part of the inhabited dwelling. See Thorn, 176 Cal. App. 4th at 266-269. But it was still up to the jury to decide whether the evidence showed that the structure was a carport, that the carport was attached to the building and, if so, that the building was an inhabited dwelling. Petitioner is not entitled to federal habeas relief on his instructional error claim.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  April 11, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Thorn, R1.denial.wpd